**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NELSON WILKINS ALLEN,

                  Petitioner - Appellant,

    v.

KENNETH QUINN,

                  Respondent - Appellee.

No. 08-35386

D.C. No. 2:07-cv-00639-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Submitted June 10, 2010[**]
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

Without determining whether this claim is procedurally barred from federal

habeas relief, we deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2). Under

AEDPA, we review the last reasoned decision by a state court, which in this case

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was the Washington Court of Appeals's decision on direct appeal. *See Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

The Washington Court of Appeals's decision that Allen's plea was voluntary was not contrary to or an unreasonable application of federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Under Supreme Court precedent, a plea is voluntary so long as it is entered by one fully aware of the direct consequences, and not induced by threats, misrepresentation, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970); *see Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Allen claims that his plea did not meet this standard because he was given an unreasonably short amount of time (a few hours) in which to consider the plea offer, his comments during his colloquy demonstrated that he felt under pressure, and his comments made after acceptance of the plea indicated that he regretted his choice. But no Supreme Court case holds that court-imposed time constraints render a plea involuntary per se, and under the circumstances of this case, the Washington Court of Appeals's determination that Allen's plea was voluntary notwithstanding the time constraints was not an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Moreover, the Washington Court of Appeals's determination that Allen's colloquy amply demonstrated his understanding of the direct consequences of the plea and that he entered into the plea without improper threats or misrepresentations was not an

unreasonable application of Supreme Court precedent. *See id*. Accordingly,

Allen's petition for habeas relief is denied.

**DENIED.**